IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | § | |
| **OPPORTUNITY COMMISSION**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-818-L** |
| | § | |
| **HOBSON AIR CONDITIONING, INC.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss the Complaint, filed August 10, 2010. After careful consideration of the motion, response, briefs, record, and applicable law, the court **denies** Defendant's Motion to Dismiss the Complaint.[1]

## I.   Background

The Equal Employment Opportunity Commission (the "EEOC" or "Plaintiff") filed this action against Hobson Air Conditioning, Inc. ("Hobson" or "Defendant") on April 22, 2010. The EEOC contends that Hobson violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. According to the EEOC, Hobson subjected Misty Kratky ("Kratky") to a sexually hostile work environment based upon her gender, and, as a result, subsequently constructively discharged her from employment. Hobson contends that Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court disagrees.

---

[1]Defendant did not file a reply brief.

**Memorandum Opinion and Order - Page 1**

## II. Standards

### A. Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the

complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Rule 8(a) - Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain allegations of facts "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon

**Memorandum Opinion and Order - Page 3**

which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).

**III.    Analysis**

The case most applicable to Defendant's motion is *Swierkiewicz v. Sorema*, N. A., 534 U.S. 506 (2002); however, Defendant does not cite it. Equally important is that, while Plaintiff relies heavily on *Swierkiewicz*, the pleadings in *Swierkiewicz* are more specific than they are in this action. *See id.* at 508-09. Plaintiff is silent on this point. This court can determine with relatively little effort that the complaint in *Swierkiewicz* survives dismissal; however, in this case, the court was required to pore over the Complaint and analyze the parties' written materials. All of this could have been avoided had Plaintiff taken about twenty minutes to add a few sentences with more factual detail. Such approach conserves scarce judicial resources and saves valuable time for the litigants. The court does not understand a "just-enough-to-get-by" approach in which Plaintiff unnecessarily runs the risk of being ordered to replead or having the action dismissed. If Plaintiff truly wishes to avoid challenges to its pleadings in the future, it should, at least, plead with the level of specificity in *Swierkiewicz*. The court would *summarily* deny a motion to dismiss if the pleadings meet that level of specificity.

In *Swierkiewicz*, the Supreme Court specifically held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Id.* at 515. The court interprets *Swierkiewicz, Twombly, Iqbal* and Rule 8 to require that a complaint set forth the allegations in sufficient detail to provide fair notice of the nature of the claim and that the right to relief is "above the speculative level." Details beyond this threshold may be obtained through discovery or a motion for more definite statement. *Swierkiewicz*, 534 U.S. at 512-14.

**Memorandum Opinion and Order - Page 4**

While the Complaint is not a model of pellucid draftsmanship, it does set forth enough allegations to cross the legal threshold. The Complaint alleges that Kratky was subjected to a sexually hostile work environment because she was a female; that she was constructively discharged from her employment with Hobson; that a manager, Michael Wade Turner ("Turner"), subjected her to unwelcome sexual conduct shortly after she began working for Defendant in December 2007; that she objected to this conduct; and that this unwelcome conduct continued during her entire employment with Defendant. The Complaint also sets forth allegations that the conduct included unwanted comments, requests to perform sexual favors, and Turner exposing himself to Kratky. The Complaint further states that Kratky put Hobson's management on notice by complaining about the conduct, that management took insufficient action to stop Turner's conduct, and that the continuing sexual harassment and management's failure to take sufficient steps to end the sexual harassment forced Kratky to resign her job. Finally, the Charge of Discrimination ("Charge") filed with the Texas Workforce Commission reflects that Kratky resigned on July 19, 2008. Although no date of resignation was stated in the Complaint, the court may consider Kratky's Charge because it was referenced in the Complaint, and therefore it constitutes part of the pleadings.[2] *See Collins*, 224 F. 3d at 498-99.

Admittedly, the Complaint includes conclusory statements; however, read as a whole, the court determines that it sets forth allegations with sufficient detail to raise a right to relief above the

---

[2]Most plaintiffs attach the Charge to their initial pleadings. Had Plaintiff done this initially, rather than attach the Charge to its response, it would have precluded Defendant from asserting that the discharge date was not part of the pleadings. The EEOC's argument that an employer is privy to matters relating to a former employee is unavailing. A court bases its decision on the state of the pleadings, which is all it can consider on a Rule 12(b)(6) motion, rather than what one party asserts the other knows or should know. The court must be convinced by what is in the pleadings and may not go beyond the pleadings to make its determination.

**Memorandum Opinion and Order - Page 5**

speculative level. The Complaint put Hobson on notice of the claim in issue and pleads enough factual content that permits the court to draw the reasonable inference that Hobson is liable for the misconduct alleged, assuming the allegations are proved to be true. As previously stated, Defendant may flesh out details beyond this threshold through discovery or a motion for more definite statement. Accordingly, dismissal of the Complaint is not warranted.

## IV.     Conclusion

For the reasons herein stated, the court concludes that Plaintiff's Complaint sets forth sufficient allegations to survive a Rule 12(b)(6) dismissal. Accordingly, the court **denies** Defendant's Motion to Dismiss the Complaint.

**It is so ordered** this 28th day of September, 2010.

Sam A. Lindsay
United States District Judge